IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCUS ALFORD, <br> Plaintiff, <br> v. <br> JANE DOE, Corrections Health Car Admin.; DOCTOR JOHN DOE; JOHN DOE, Physician Assistant #1; JOHN DOE, Physician Assistant #2; JANE DOE, Physician Assistant, PRISON HEALTH SERVICES, <br> Defendants. | Civil Action No. 12 - 1268 <br><br> District Judge Cathy Bissoon <br> Chief Magistrate Judge Lisa Pupo Lenihan <br><br> ECF Nos. 12, 20 |

**REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that Defendants' Motions to Dismiss (ECF Nos. 12, 20) be granted to the extent they seek dismissal of Plaintiff's claims pursuant to 42 U.S.C. § 1983 as time-barred. It is further recommended that Plaintiff's state law claims be remanded back to the Court of Common Pleas of Allegheny County.

**II.  REPORT**

This case was removed to this Court from the Court of Common Pleas of Allegheny County on August 31, 2012. (ECF No. 1.) Plaintiff's Complaint alleged claims against Defendants Jane Doe (Physician's Assistant); John Doe (Physician's Assistant #1); John Doe (Physician's Assistant #2); John Doe (Doctor); John/Jane Doe (Director of Prison Health Care); John/Jane Doe (Correction Health Care Admin.); Joseph Piazzo (Warden, SCI-Coal Township);

1

Jeffrey Beard (Secretary of the Pennsylvania Department of Corrections); and the Pennsylvania Department of Corrections. The medical defendants filed a Motion to Dismiss (ECF No. 2) along with a Brief in Support thereof (ECF No. 3), and in response Plaintiff filed an Amended Complaint adding Prison Health Services and terminating John/Jane Doe (Director of Prison Health Care) as Defendants. (ECF No. 8.) He also filed a Motion to Remand to State Court (ECF No. 9) and a Motion for Extension of Time to File a Certificate of Merit (ECF No. 10). The Court denied Plaintiff's Motion to Remand because the Amended Complaint still indicated that the action was brought pursuant to federal law. However, Plaintiff was granted an extension of time to file a certificate of merit. (Text Order dated October 19, 2012.)

Thereafter, the medical Defendants filed Motions to Dismiss Plaintiff's Amended Complaint (ECF No. 12, 20) along with a Briefs in Support thereof (ECF No. 13, 21). Plaintiff then filed a Motion to Dismiss Defendants Beard, Piazzo and the Pennsylvania Department of Corrections (ECF No. 23), which was granted on November 30, 2012 (Text Order dated November 30, 2012). Plaintiff has filed responses in opposition to both pending Motions to Dismiss (ECF Nos. 15, 34) along with a Motion to Withdraw his Motion for Extension of Time to File a Certificate of Merit (ECF No. 42), which this Court interpreted as an indication that Plaintiff does not intend to assert a claim for medical negligence or malpractice (Text Order dated February 6, 2013). The Motions to Dismiss are now ripe for review.

### A. Plaintiff's Allegations

In his Amended Complaint, Plaintiff alleges that he was committed to SCI-Coal Township in September 2004 and at the time his only known medical problem was a stomach ulcer. (ECF No. 8 at ¶ 16.) He was prescribed Zantac in 2005 for his stomach ulcer by either Defendant John Doe Physician Assistant #1 or #2. Id. at ¶ 19. He claims he was on Zantac or

Prilosec for "years" but should have only been given it for fourteen to thirty days. Id. at ¶ 33. In May 2007, Plaintiff went to sick call with a complaint of pain in his lower back and was seen twice by Defendant John Doe Physician #1 who ordered Plaintiff IBU on the first visit and Flexeril on the second visit when Plaintiff indicated he was still in pain. Id. at ¶ 20. Plaintiff claims that he did not receive proper medical testing and treatment for his back pain. Id. at ¶ 28.

In May 2008, Plaintiff went to sick call with a complaint of cracking in his knees and Defendant John Doe Physician Assistant #1 told Plaintiff that cracking in his knees was "normal." Id. at ¶ 21. Plaintiff returned to medical the following day and was seen by Defendant John Doe Physician Assistant #2 but requested that he be seen by the doctor. Id. at ¶ 22. Plaintiff was seen by Defendant Doctor John Doe in July 2008 who gave Plaintiff an injection in his left knee. Id. at ¶ 23. Plaintiff states that the injection worked for about a month or so but the pain eventually came back and spread from his lower back down to his left foot. Id.

In September 2008, Plaintiff was seen by Defendant Jane Doe Physician Assistant who showed Plaintiff stretches to do in the morning to help with his back pain. Id. at ¶ 24. Sometime in 2008/2009, Plaintiff was placed on a no activities/workout restriction. Id. at ¶ 25. Plaintiff was released from incarceration in December 2009 and was seen by his primary care physician who referred him to see Dr. Klatt. Id. at ¶ 30. After having x-rays and MRIs, Dr. Klatt referred Plaintiff to an orthopedist by the name of Dr. Lee. Id. In July 2010, Dr. Lee advised Plaintiff that surgery was needed due to two herniated discs and severe nerve damage. Id. at ¶¶ 31, 36. Plaintiff alleges that he underwent surgery in July 2010. Id. at ¶ 32.

Plaintiff claims that his muscle weakness and deterioration of the spine was caused by Defendants placing him on Prilosec and Zantac for the years he was incarcerated. Id. at ¶ 33.

Plaintiff claims that surgery would not have been necessary had he received appropriate medical treatment in the preceding years while he was incarcerated. Id. at ¶ 34.

**B. Standard of Review**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Ashcroft v. Iqbal, 129 S. Ct.1937, 1949 (May 18, 2009) (citing Twombly, 550 U.S. at 555-57). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. (citing Twombly, 550 U.S. at 556-57).

In Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. Aug. 18, 2009), the United States Court of Appeals for the Third Circuit discussed its decision in Phillips v. County of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008) (construing Twombly in a civil rights context), and described how the Rule 12(b)(6) standard had changed in light of Twombly and Iqbal as follows:

> After Iqbal, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory

4

> statements, do not suffice." Iqbal, 129 S. Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See* Id. at 1949-50; *see also* Twombly, 505 U.S. at 555, & n. 3.

Fowler, 578 F.3d at 210.

Thereafter, in light of Iqbal, the United States Court of Appeals for the Third Circuit in Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009), set forth the following two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S. Ct. at 1949]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See* Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-11.

In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing 5A Wright and Miller, *Federal Practice and Procedure: Civil 2d,* § 1357; Chester County Intermediate Unit v.

5

Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)). A court may also consider indisputably authentic documents. Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004); Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); Golden v. Cook, 293 F. Supp.2d 546, 551 (W.D. Pa. 2003) ("[C]ourts are permitted to consider matters of which they may take judicial notice, including records and reports of administrative bodies, and publically available records and transcripts from judicial proceedings 'in related or underlying cases which have a direct relation to the matters at issue.'") (citations omitted).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

## C. Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. He also alleges

violations of the Pennsylvania Constitution and state law claims of negligence and medical malpractice.[1]

1. **Statute of Limitations**

Defendants move to dismiss Plaintiff's Amended Complaint, in part, on the ground that his claims are barred by the statute of limitations.[2] In this regard, section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ." but it does not provide for any applicable statute of limitations. 42 U.S.C. § 1983. Title 28 U.S.C. § 1652 provides that "[t]he laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as the rules of decision in civil actions in the courts of the United States, in cases where they apply," and 42 U.S.C. § 1988 further provides that

> the protection of all persons in the United States in their civil rights…shall be exercised and enforced in conformity with the laws of the United States…but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil…cause is held…shall be extended to govern the said courts in the trial and disposition of the cause….

42 U.S.C. § 1988(a).

---

[1] Although the Court has already interpreted Plaintiff's Motion to Withdraw his Motion for Extension of Time to File a Certificate of Merit as an indication that Plaintiff does not intend to assert claims for medical negligence or malpractice (Text Order dated February 6, 2013), the undersigned nevertheless finds that these claims are barred by the applicable statute of limitations.

[2] The expiration of the statute of limitations is ordinarily raised as an affirmative defense, but it may be asserted in a Rule 12(b)(6) motion to dismiss if it is clear from the face of the complaint that a claim is untimely. Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002); Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978).

In fact, the Supreme Court stated that, "in 42 U.S.C. § 1988 Congress had plainly instructed the federal courts to refer to state law when federal law provides no rule of decision for actions brought under § 1983 . . . ." Chardon v. Soto, 462 U.S. 650, 657 (1983) (citing Bd. of Regents of the Univ. of the State of N.Y. v. Tomanio, 446 U.S. 478, 484 (1980)).  Thus, in "civil rights actions under [section 1983] federal courts must ascertain the underlying cause of action under state law and apply the limitation period which the state would apply if the action had been brought in state court" and the "controlling statute of limitations in an action pursuant to 42 U.S.C. § 1983 is the most analogous one provided by state law." Jennings v. Shuman, 567 F.2d 1213, 1216 (3d Cir. 1977) (citing Polite v. Diehl, 507 F.2d 119, 122 (3d Cir. 1974)); Eubanks v. Clarke, 434 F. Supp. 1022, 1030 (E.D. Pa. 1977).  In actions under 42 U.S.C. § 1983, federal courts apply the state's statute of limitations for personal injury actions. Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 559 (3d Cir. 1998).

In this case, the applicable statute of limitations for Plaintiff's § 1983 claims is two years. *See* 42 Pa. C.S. § 5524.  In addition, the limitations period began to run when Plaintiff knew or should have known of the injury forming the basis for this civil rights action. Sameric, 142 F.3d at 599; Gera v. Commonwealth of Pennsylvania, 256 F. App'x 563, 564-65 (3d Cir. 2007). Applying these standards here, it is clear from the face of Plaintiff's Amended Complaint that his claims are time-barred.

In this case, Plaintiff's original Complaint was filed in the Court of Common Pleas of Allegheny County on July 10, 2012.  Therefore, any claim premised on alleged unlawful conduct that occurred prior to July 10, 2010, is barred by the statute of limitations.  As Defendants point out, there is only one event in the Amended Complaint from July 2010 and that is Dr. Lee's

8

recommendation for surgery. Even though Plaintiff does not specify what day in July 2010 this even occurred, it is nevertheless clear that Plaintiff was no longer under the care of the medical Defendants as of December 2009 and the alleged omissions in this case took place between 2004 and November 2009. As such, the events giving rise to this action occurred before any cognizable time period and Plaintiff's claims are barred by the two-year statute of limitations.

In response to Defendants' Motions to Dismiss, Plaintiff argues that he was not aware of his injuries until Dr. Lee advised him that surgery was necessary in July 2010. Because courts look to state law for the appropriate statute of limitations, they also look to state law on the closely related questions of tolling and application. *See* Wilson v. Garcia, 471 U.S. 261, 268-69 n.17 (1985). Pennsylvania's discovery rule "delays the running of the statute until the plaintiff knew, or through the exercise of reasonable diligence should have known, of the injury and its cause." Beauty Time, Inc. v. VU Skin Sys., Inc., 118 F.3d 140, 144 (3d Cir. 1997) (quotations omitted). The discovery rule originated in cases in which the injury or its cause was neither known nor reasonably knowable. *See* Lewey v. H.C. Frick Coke Co., 31 A. 261 (Pa. 1895) (concluding that the statute of limitations did not bar the lawsuit of a plaintiff who could not know that a trespasser had subterraneously extracted coal from his land); Ayers v. Morgan, 154 A.2d 788 (Pa. 1959) (concluding that the plaintiff was entitled to present evidence that he did not and could not know that his pain was the result of a sponge left in his body during an operation performed nine years before). The purpose of the discovery rule has been to exclude from the running of the statute of limitations that period of time during which a party who has not suffered an immediately ascertainable injury is reasonably unaware he has been injured, so that he has essentially the same rights as those who have suffered such an injury. Hayward v. Medical Center of Beaver County, 608 A.2d 1040, 1043 (Pa. 1992).

As the discovery rule has developed, the salient point giving rise to its application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause. Pocono International Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983). Therefore, when a court is presented with the assertion of the discovery rule's application, it must address the ability of the damaged party, exercising reasonable diligence, to ascertain that he has been injured and by what cause. Crouse v. Cyclops Industries, 745 A.2d 606, 611 (Pa. 2000). Where reasonable minds would not differ in finding that a party knew or should have known through the exercise of reasonable diligence of his injury and its cause, the court determines that the discovery rule does not apply as a matter of law. Pocono International, 468 A.2d at 471.

Plaintiff's averment as to why the statute of limitations should be tolled under the discovery rule is unpersuasive. A plaintiff need only know that he or she has been injured and the cause of the injury - - once this is known the plaintiff must investigate to determine if the defendant's action gives rise to a legal remedy. *See* Baily v. Lewis, 763 F. Supp. 802, 806-07 (E.D. Pa. 1991), *aff'd*, 950 F.2d 721 (3d Cir. 1991). Plaintiff alleges that he did not know, until July 2010, that the cause of his pain was the result of the medical Defendants' failure to provide him with proper medical care while he was incarcerated. However, the cause of Plaintiff's pain is immaterial to his section 1983 claims that allege that the medical treatment he received while incarcerated was deficient. The injury underlying Plaintiff's claims is the medical Defendants' indifference to his medical needs and this indifference was immediately apparent to Plaintiff during his incarceration. Indeed, Plaintiff admits that, while he was incarcerated, he complained to medical staff that he was not receiving appropriate medical treatment for his pain. As a result, he went to see his primary care physician immediately following his release. The fact that

Plaintiff may not have known the full *extent* of his injuries and the need for surgery until July 2010, does not does not implicate the discovery rule. The discovery rule was not intended to protect a plaintiff who knows that he has been injured and knows the identity of the alleged tortfeasors but is ignorant of the full extent of his injury. *See*, *e.g.*, Mest v. Cabot Corp., 449 F.3d 502, 510-11 (3d Cir. 2006) ("for the statute of limitations to run, the plaintiff need not know the exact nature of his injury") (citation omitted); Charowsky v. Kurtz, 2000 U.S. Dist. LEXIS 10641, 2000 WL 1052986, at *3 (E.D. Pa. 2000); Credit Control Servs. v. Greate Bay Hotel & Casino, 1994 U.S. Dist. LEXIS 14874, 1994 WL 483454, at *5 (E.D. Pa. 1994). Therefore, the discovery rule does not apply in this situation to toll the limitations period.

**2. Plaintiff's State Law Claims**

Plaintiff also purports to bring claims under the Pennsylvania Constitution and for negligence under Pennsylvania state law. Federal courts have jurisdiction over state claims which are related to the federal claims and result from a common nucleus of operative facts. *See* United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); *see also* Aldinger v. Howard, 427 U.S. 1, 9 (1976). Supplemental jurisdiction may be declined, however, when the court has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3). In light of the fact that Plaintiff's section 1983 claims are time-barred, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and remand them back to the Court of Common Pleas of Allegheny County.

**III.   CONCLUSION**

For the reasons set forth above, it is respectfully recommended that Defendants' Motions to Dismiss (ECF Nos. 12, 20) be granted to the extent they seek dismissal of Plaintiff's claims

pursuant to 42 U.S.C. § 1983 as time-barred. It is further recommended that Plaintiff's state law claims be remanded back to the Court of Common Pleas of Allegheny County.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: April 10, 2013

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Marcus Alford
Gateway Erie
1928 Wager Road
Erie, PA 16509
*Via U.S. Postal Mail*

Counsel of Record
*Via ECF Electronic Mail*